UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TRUSTEES OF THE PENSION PLAN
OF THE PENSION FUND OF AMALGAMATED
PRODUCTION & SERVICE EMPLOYEES
LOCAL 22 F/K/A TRUSTEES OF THE PENSION
PLAN OF THE PENSION FUND OF
AMALGAMATED, INDUSTRIAL AND TOY &
NOVELTY WORKERS OF AMERICA, LOCAL 223,

        Plaintiffs,    Civil Action No.:
                 20-cv-09608(GHW)


     -against-


POP DISPLAYS, LLC a/k/a
POP DISPLAYS USA, LLC a/k/a
POP DISPLAYS HOLDING CORP.
and COUNTERPOINT CAPITAL PARTNERS, LLC,

        Defendants.
--------------------------------------------------------------x

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, Trustees of the Pension Plan of the Pension Fund of Amalgamated Production & Service Employees Local 22 f/k/a Trustees of the Pension Plan of the Pension Fund of Amalgamated, Industrial and Toy & Novelty Workers of America, Local 223 (hereinafter referred to as the "Fund"), submit this memorandum of law in support of their request against defaulting Defendants Pop Displays, LLC a/k/a Pop Displays USA, LLC a/k/a Pop Displays Holding Corp. (hereinafter referred to as "Pop Displays") and Counterpoint Capital Partners, LLC (hereinafter referred to as "Counterpoint") (hereinafter collectively referred to as the "Defendants") for an Order and Judgment against Defendants, jointly and severally, in the liquidated amount of $3,974,698.76, which includes the following: (i) principal amount of withdrawal liability in the

sum of $3,161,732.00; (ii) interest calculated at 10% per annum through to November 16, 2020 in the sum of $172,379.36; (iii) liquidated damages calculated at 20% of the principal amount of withdrawal liability in the sum of $632,346.40; (iv) attorneys' fees in the sum of $7,000.00; and (v) court costs and disbursements in the sum of $1,241.00 in accordance with the Fund's Policy for Collection of Delinquent Contributions (the "Collection Policy")[1], the Employee Retirement Income Act of 1974 ("ERISA") and the Agreement[2]; and (vi) for such other and further relief as to the Court deems appropriate.

## I.      CHOICE OF LAW

This Court has federal question subject matter jurisdiction, pursuant to Sections 502(a), (e)(1), (f) and (g); 4301(a), (b) and (c); and 4221(b)(1) of ERISA; 29 U.S.C. §§1132(a)(3), (e)(1), (f), 1451(c); and 29 U.S.C. §1401(b)(1).[3]

## II.     DEFENDANT POP DISPLAYS IS LIABLE TO THE FUND FOR WITHDRAWAL LIABILITY, PURSUANT TO ERISA, AS AMENDED BY THE MULTIEMPLOYER PENSION PLAN AMENDMENTS ACT OF 1980 (the "MPPAA"), 29 U.S.C. SECTION 1381

The MPPAA was enacted "to protect the millions of retirees and workers who are participants in multiemployer plans against the loss of their pensions." *Trs. of the Nat'l Ret. Fund v. Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412, 421 (S.D.N.Y., April 17, 2019), *quoting* 126 Cong. Rec. H11,991 (daily ed. May 21, 1980) (statement of Rep. Thompson). "Under [the] MPPAA an employer who withdraws from a multiemployer plan, with certain exceptions, is assessed 'withdrawal liability,' that is, the employer is required to continue funding its proportionate share of the plan's unfunded vested benefits, in order to "protect any future benefits

---

[1]    *See* Affidavit of Anthony Miranti, dated April 1, 2021 (cited as "Miranti Aff."), Exhibit "B."
[2]    *See* Affirmation of Lauren M. Kugielska, dated April 1, 2021 (cited as "Kugielska Aff."), ¶5 & Miranti Aff., Exhibit "A."
[3]    The jurisdictional specifics are detailed in the accompanying Affirmation of Lauren M. Kugielska (cited as "Kugielska Aff."). *See* Kugielska Aff., at ¶¶ 3, 5 & 7.

that may have vested for employees." *Id.*, *citing ILGWU Nat'l Ret. Fund v. Levy Bros. Frocks*, 846 F.2d 879, 881 (2d Cir. 1988) (*quoting* 29 U.S.C. §§ 1381, 1391); *Trs. of the Soft Drink & Brewery Workers Union, Local 812 Retirement Fund v. Tribeca Bev., Inc.*, 2020 U.S. Dist. LEXIS 242108, *6 (E.D.N.Y., December 21, 2020), *citing N.Y. Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017) (*quoting Rao v. Prest Metals*, 149 F. Supp. 2d 1, 5 (E.D.N.Y., June 27, 2001); *I.L.G.W.U. Nat'l Ret. Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 881 (2d Cir. 1988). "A complete withdrawal occurs when an employer 'permanently ceases to have an obligation to contribute under the plan' or 'permanently ceases all covered operations under the plan.'" 29 U.S.C. §1383(a).

"Upon an employer's withdrawal, the plan sponsor or fund 'must determine the amount of the employer's withdrawal liability, notify the employer of the amount and make a demand for payment.'" *Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412 at 421-22 (*quoting Levy Bros. Frocks*, 846 F.2d at 881, *citing* 29 U.S.C. § 1382). "'[T]he MPPAA establishes a 'pay now-fight later' system, where an employer who receives notice of withdrawal liability must start making payments within 60 days, whether it believes it is liable for the amount demanded or not.'" *Id.*, at 422, *quoting Amalgamated Lithographers of Am. v. Unz & Co.*, 670 F. Supp. 2d 214, 222 (S.D.N.Y., November 3, 2009).

"If the employer fails to make the first payment on schedule, the plan sponsor must notify the employer of this failure and of the possibility of default." *Tribeca Bev., Inc.,* 2020 U.S. Dist. LEXIS 242108, *7 (*citing* § 1399(c)(5)(A)). "An employer defaults when 'the failure [to make the payment] is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure.'" *Id.*, at *7-*8 (*quoting* § 1399(c)(5)).

"Parties must arbitrate any dispute over withdrawal liability within 60 days of notification or 180 days if the employer requested review of the fund's determination." *Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412 at 422. "'[W]hen no arbitration proceeding is initiated, the plan sponsor may bring an action in state or federal court to collect the amounts due and owing.'" *Id.* (*quoting Levy Bros. Frocks*, 846 F.2d at 881, *citing* 29 U.S.C. § 1401(b)(1)). "'If an employer fails to arbitrate a dispute over its withdrawal liability, it generally waives the right to contest the propriety and amount of withdrawal liability.'" *Id.* (*quoting Durso v. Store 173 Food Corp.*, No. 16-CV-9456, 2018 U.S. Dist. LEXIS 203456, at *7 (S.D.N.Y. Nov. 30, 2018).

Pop Displays completely withdrew from the Fund within the meaning of Section 4203(a) of Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. §1383(a), on or about June 30, 2019 by ceasing all operations or the obligation to contribute to the Fund. *See* Miranti Aff., at ¶4 and Exhibit "C;" Kugielska Aff., at ¶7. As a consequence of Pop Displays' withdrawal from the Fund, the Fund has determined that Pop Displays is liable to the Fund for withdrawal liability, pursuant to 29 U.S.C. §1381 in the amount in the amount of Three Million One Hundred Sixty-One Thousand Seven Hundred Thirty-Two Dollars ($3,161,732.00), as determined pursuant to 29 U.S.C. §1391. *See* Miranti Aff., at ¶8 & Exhibits "D" & "E;" Kugielska Aff., at ¶8.

On or about December 3, 2019, the Fund notified Pop Displays, pursuant to a Notice and Demand of Withdrawal Liability, that it had determined that the Defendant Pop Displays had completely withdrawn from the Fund and assessed the amount of its withdrawal liability in the amount of $3,263,038.00 and the schedule for liability payments and demanded payment, in accordance with the schedule, as required by Sections 4202 and 4219(b)(1) of ERISA and 29 U.S.C. §§1382 and 1399(b)(1). *See* Miranti Aff., Exhibit "E;" Kugielska Aff., at ¶9. Pop Displays

defaulted on the schedule for liability payments, failing to make the required withdrawal liability payments to the Fund due from May 1, 2020 to date. *See* Miranti Aff., at ¶¶8, 17 & 18; Kugielska Aff., at ¶12. Accordingly, Pop Displays was provided with a written notice of acceleration of withdrawal liability upon its default, pursuant to 29 U.S.C. §1399(c)(5), on behalf of the Fund. *See* Kugielska Aff., at ¶13 & Exhibit "A." Pop Displays has continued to fail to make withdrawal liability payments to the Fund due from May 1, 2020 to date. *See* Miranti Aff., at ¶¶8, 17 & 18; Kugielska Aff., at ¶14. Pop Displays failed to demand or initiate arbitration pursuant to Section 4221(a)(1) of ERISA, and therefore, waived the right to challenge the withdrawal liability assessment. *See* Kugielska Aff., at ¶15.

Based on the foregoing, Pop Displays is liable to the Fund for withdrawal liability, pursuant to 29 U.S.C. §1381.

## III. DEFENDANT COUNTERPOINT IS JOINTLY AND SEVERALLY LIABLE TO THE FUND FOR WITHDRAWAL LIABILITY, PURSUANT TO ERISA, 29 U.S.C. SECTIONS 1301(b) & 1381(a)

"'[A]ll employees of trades or businesses . . . which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer.'" *Trs. of the Soft Drink & Brewery Workers Union, Local 812 Retirement Fund v. Tribeca Bev., Inc.*, 2020 U.S. Dist. LEXIS 242108, at *9-*10 (E.D.N.Y. December 21, 2020), *quoting* 29 U.S.C. § 1301(b)(1). Accordingly, "'each member of a commonly controlled group of trades or businesses is liable for the withdrawal liability of any other member of that group.'" *Id.*, *quoting I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc.*, 2002 WL 999303, at *1 (S.D.N.Y. May 15, 2002).

In order "[t]o establish that employers are under common control, plaintiffs must prove that the defendants are 'members of a 'parent-subsidiary' or 'brother-sister' group of businesses.'" *Id.*, *quoting Trs. of Leather Goods, Handbags, & Novelty Workers' Union Local 1 Joint Ret. Fund*

*v. Cent. Fur Storage Co.*, 2019 WL 3937132, at *8 (E.D.N.Y. August 2, 2019). More specifically, Plaintiffs must establish "that employers, as members of parent-subsidiary or brother-sister group, have a 'controlling interest.'" *Id.*, *quoting ESI Grp., Inc.*, 2002 WL 999303, at *5-*6, *citing* 26 C.F.R. § 1.414(c)-2(c). "To determine whether an employer has a controlling interest, '[c]apital ownership is the test.'" *Id.*, *quoting* Ronald J. Cooke, *3 ERISA Practice and Procedure* § 7:80 (2020); *see e.g.*, *Gesualdi v. Nacirema Indus. Inc.*, 2017 WL 9487171, at *4 (E.D.N.Y. August 31, 2017) (finding the plaintiffs' allegations sufficient to establish common control when the same two people "owned all the equity and had the controlling interest," and were in "effective control" of each defendant corporation.) "Because the purpose of withdrawal liability is to fix liability upon those who were responsible at the time of withdrawal for continued funding, multiple entities may be held liable for withdrawal obligations of one employer if they are shown to be under common control . . ." *Trs. of the Local 813 Pension Tr. Fund v. Frank Miceli Jr. Contracting, Inc.*, 2016 U.S. Dist. LEXIS 31944, at *3 (E.D.N.Y. March 9, 2016). "The 'relevant time [ ]' . . . therefore, is the date of withdrawal." *Trs. of the Nat'l Ret. Fund v. Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412, 421 (S.D.N.Y. April 17, 2019).

Counterpoint acquired ownership over Pop Displays, participated in collective bargaining negotiations on behalf of Pop Displays with the Union, signed a collective bargaining agreement on behalf of Pop Displays, and maintained a presence at Pop Displays' business site and decision making authority with respect to Pop Displays' day to day business operations, in accordance with Pop Displays' collective bargaining agreement, including but not limited to, employee grievances including at the time of Pop Displays' date of withdrawal from the Fund on June 30, 2019. *See* Miranti Aff., ¶¶10-12 & Exhibits "A," "F," & "G;" Kugielska Aff., at ¶19.

The Fund's Notice and Demand of Withdrawal Liability (Miranti Aff., Exhibit "E") and Notice of Default (Kugielska Aff., Exhibit "A") to Pop Displays constitutes constructive notice to Counterpoint "because actual notice to one member of a control group constitutes constructive notice to all other members of the control group." *Morris Fine Furniture*, 2019 U.S. Dist. LEXIS 102715, at *12. Despite due demand, Defendant Counterpoint has continued to fail to make withdrawal liability payments to the Fund due from May 1, 2020 to date. Kugielska Aff., at ¶21. Pop Displays' failure to demand or initiate arbitration regarding the withdrawal liability has resulted in Pop Displays and all trades or businesses under common control with Pop Displays waiving their right to dispute the amount of the withdrawal liability due and owing pursuant to Section 4221(b)(1) of ERISA (29 U.S.C. §1401(b)(1)). Kugielska Aff., at ¶22.

Based on the foregoing, Counterpoint and Pop Displays were under common control on the date of Pop Displays' withdrawal from the Fund, and is therefore, jointly and severally liable to the Fund for Pop Displays' withdrawal liability assessment.

## I.   AN INQUEST INTO DAMAGES IS UNNECESSARY

The Statement of Damages provides the principal amount of withdrawal liability, interest calculations, liquidated damages, legal fees, and court costs and disbursements, which correctly corresponds with the parties' Agreement and the Funds' Collection Policy, and is in accordance with Section 502 of ERISA, 29 U.S.C. §1132. *See* Kugielska Aff., at ¶34. No part of the judgment has been paid and upon information and belief, there is no just reason for delay of entry of a judgment against the Employer. *Id.*, at ¶¶36 & 37. The party against whom judgment is sought is not an infant, in the military service, or an incompetent person. *Id.*, ¶38. No prior request has been made for the relief sought herein. *Id.*, at ¶39.

A. **Withdrawal Liability**

Defendant Pop Displays completely withdrew from the Fund within the meaning of Section 4203(a) of ERISA and 29 U.S.C. §1383(a), on or about June 30, 2019 by ceasing all operations or the obligation to contribute to the Fund. *See* Miranti Aff., ¶4 & Exhibit "C" & Kugielska Aff., at ¶29. As a consequence of the withdrawal of Defendant Pop Displays from the Fund, the Fund has determined that the Defendant Pop Displays is liable to the Fund in the amount of no less than Three Million One Hundred Sixty-One Thousand Seven Hundred Thirty-Two Dollars ($3,161,732.00), pursuant to 29 U.S.C. §1381, and as determined pursuant to 29 U.S.C. §1391. *See* Miranti Aff., at ¶8 & Exhibits "D" & "E" & Kugielska Aff., at ¶30. Furthermore, as a consequence of the withdrawal of Defendant Pop Displays from the Fund, the Defendant Pop Displays and the Defendant Counterpoint, as a trade or business under common control with Pop Displays, are jointly and severally liable for withdrawal liability in accordance with Sections 4001(b)(1) and 4201(a) of ERISA (29 U.S.C. §§1301(b) and 1381(a)). *See* Kugielska Aff., at ¶31 & Section III., *supra*.

B. **Interest, Liquidated Damages, Court Costs and Disbursements, Attorney's Fees**

As alleged in the Complaint and the default judgment papers submitted herewith, and pursuant to ERISA 29 U.S.C. §1451(b) ("In any action under this section to compel an Employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution.") & 29 U.S.C. §1132(g) (authorizing the granting of attorney's fees, interest, liquidated damages and costs and disbursements "in which judgment in

favor of a[n] ERISA plan is awarded."[4]) and the parties' Agreement,[5] the Funds have an entitlement to an award of interest, liquidated damages, court costs and disbursements, and attorneys' fees to be paid by the Defendants as follows:

### 1.   Interest

The Defendants are liable for interest on the unpaid withdrawal liability in the amount of $172,379.36. *See* Miranti Aff., at ¶14 & Exhibit "B," Section 8, ¶2.

### 2.   Liquidated Damages

The Defendants are liable for liquidated damages in the amount of $632,346.40. *See* Miranti Aff., at ¶15 & Exhibit "B," Section 8, ¶2.

### 3.   Court Costs and Disbursements

The Defendants are liable for court costs and disbursements consisting of the following items and amounts:

| | | |
|---|---|---|
| (a) | Filing Fee paid to the Clerk of the Court of the S.D.N.Y. | $400.00 |
| (b) | Fee paid in connection with service upon the Employer | $841.00 |
| | Total: | $1,241.00 |

*See* Kugielska Aff., at ¶36 & Exhibit "D."

### 4.   Attorneys' Fees

Lauren M. Kugielska ("Attorney Kugielska"), counsel for Plaintiff in this matter, was admitted to the United States District Court for the Southern District of New York in 2014, and a substantial part of the practice of her firm, Barnes, Iaccarino & Shepherd LLP ("Barnes"), consists of the prosecution of actions for the recovery of employee benefits, including withdrawal liability,

---

[4]   *See Trs. Of the Bldg. Servs. 32BJ, Pension, Health & Annuity Funds*, Not Reported in F. Supp. 2d , 1995 WL 302454, *7 (E.D.N.Y. 1995); *see also DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1039 (E.D.N.Y. 1993), *citing Benson & Browers Moving & Storage, Inc.*, 726 F. Supp. 31, 36 (E.D.N.Y. 1989); *McDonald v. Centra, Inc.*, 946 F.2d 1059, 1065 (4th Cir. 1991); *Mich. Carpenters Council v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991); *Idaho Plumbers & Pipefittters v. United Mech. Contractors. Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).
[5]   *See* Miranti Aff., at Exhibit "A," Article XIX & Exhibit "B," Section 8, ¶¶2-4.

on behalf of various union trust funds for more than twenty (20) years. *Id.*, at ¶40. During the course of this case, Attorney Kugielska acted as lead counsel with court filings. *Id.*. The customary rate for an associate attorney at Barnes is $250.00 per hour. *Id.*. The attorneys' fees sought on this application are 28.0 hours @ $250.00 per hour = $7,000.00. *Id.*. This rate and fee are reasonable and justified given the circumstances of this matter. *Id.*. The Fund is entitled to reasonable attorney's fees and costs, pursuant to 29 U.S.C. §1132(g)(2)(D). *Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.*, 2001 U.S. Dist. LEXIS 887, *7 (S.D.N.Y. 2001). It is recognized that for ERISA claims, "reasonable attorney's fees can be calculated using the "lodestar" method: the hours expended multiplied by a reasonable hourly rate." *Id., citing LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763-64 (2d Cir. 1998).

Attorney Kugielska has affirmed that based upon her years in practice in the State of New York and her experience in litigation involving benefit fund contribution obligations that $7,000.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. *Id.*, at ¶ 41. Additionally, Attorney Kugielska has affirmed that all fees represent services that were necessary to secure the result obtained. *Id.*, at ¶¶ 41, 42 (providing for a summary of the total hours spent on various tasks in the present matter.)

Therefore, as a result of Defendants' default, Plaintiffs are entitled to the following damages: (i) principal amount of withdrawal liability in the sum of $3,161,732.00; (ii) interest calculated at 10% per annum through to November 16, 2020 in the sum of $172,379.36; (iii) liquidated damages calculated at 20% of the principal amount of withdrawal liability in the sum of $632,346.40; (iv) attorneys' fees in the sum of $7,000.00; (v) court costs and disbursements in the sum of $1,241.00; and (vi) for such other and further relief as to the Court deems appropriate.

## II.  CONCLUSION

Based on the forgoing, Plaintiffs respectfully request that their request for entry of default judgment against Defendants be granted.

Dated:  Hempstead, New York
        April 5, 2021

<div style="margin-left: 40%;">

Respectfully submitted,

BARNES, IACCARINO & SHEPHERD, LLP
*Attorneys for Plaintiffs*

By: <u>*/s/ Lauren M. Kugielska*</u>
     Lauren M. Kugielska
     3 Surrey Lane
     Hempstead, New York 11550
     (516) 483-2990

</div>